JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID AND NICOLE ORZECHOWSKI, H/W

## DEFENDANTS
RYDER FLEET PRODUCTS, INC., Individually and d/b/a RYDER INC. and RYDER INC. and MIKE'S HEAVY DUTY TOWING, INC. and PALFINGER NORTH AMERICA GROUP f/k/a MBB INTERLIFT

**(b)** County of Residence of First Listed Plaintiff    BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    MIAMI-DADE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA 19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Negligence and produce liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE   1-27-14

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:  5 Tamarack Court, Newtown, PA  18940

Address of Defendant:  11690 NW 105th Street, Medley, FL 33178-1103

Place of Accident, Incident or Transaction:  Jamaica, NY
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?   Yes☐   No☒

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Marc A. Weinberg, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:  1/27/14          Attorney-at-Law MARC A. WEINBERG          60643
                                                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  1/27/14          Attorney-at-Law MARC A. WEINBERG          60643
                                                          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 5 Tamarack Court, Newtown, PA 18940

Address of Defendant: 11690 NW 105th Street, Medley, FL 33178-1103

Place of Accident, Incident or Transaction: Jamaica, NY
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Marc A. Weinberg, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 1/27/14       Attorney-at-Law MARC A. WEINBERG       60643
                                                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/27/14       Attorney-at-Law MARC A. WEINBERG       60643
                                                          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DAVID AND NICOLE ORZECHOWSKI, H/W | : | CIVIL ACTION |
| v. | : | |
| RYDER FLEET PRODUCTS, INC., ET AL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 1/27/14 | *M ⌐⌐⌐* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-576-0100 | 215-576-6288 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DAVID AND NICOLE ORZECHOWSKI, h/w    :
5 Tamarack Court    :
Newtown, PA 18940    :
        Plaintiff,    :
    :
    :
        vs.    :
    :
RYDER FLEET PRODUCTS, INC.,    :
individually and doing business as    :   NO.
RYDER INC.    :
11690 NW 105th Street    :
Medley, FL 33178-1103    :
    and    :
RYDER INC.    :
11690 NW 105th Street    :
Medley, FL 33178-1103    :
    and    :
MIKE'S HEAVY DUTY TOWING, INC.    :
816 Liberty Avenue    :
Brooklyn, NY 11208    :
    and    :
PALFINGER NORTH AMERICA GROUP    :
f/k/a MBB Interlift    :
15939 Piuma Avenue    :
Cerritos, CA 90703    :
        Defendants.    :

## CIVIL ACTION COMPLAINT

Plaintiff, David Orzechowski, by and through his Attorneys, Saffren & Weinberg, hereby

files this Complaint against Defendants, Ryder Fleet Products, Inc., individually and doing

business as Ryder, Inc., Ryder, Inc., Mike's Heavy Duty Towing, Inc. and Palfinger North

America Group f/k/a MBB Interlift and in support thereof, avers as follows:

### PARTIES

1. Plaintiff, David Orzechowski, is an adult individual residing at 5 Tamarack Court in

Newtown, Pennsylvania 18940 and is the spouse of Nicole Orzechoski.

2.  Plaintiff, Nicole Orzechowski, is an adult individual residing at 5 Tamarack Court in Newtown, Pennsylvania 18940 and is the spouse of David Orzechoski.

3.  Defendant, Ryder Fleet Products, Inc., individually and doing business as Ryder, Inc.(hereinafter referred to collectively as "Ryder") is a corporation, partnership, sole proprietorship, limited liability company or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania engaged in the  transportation industry with a registered office for service at 11690 NW 105th Street in Medley, FL 33178-1103.

4.  Defendant, Ryder, Inc. (hereinafter referred to collectively as "Ryder") is a corporation, partnership, sole proprietorship, limited liability company or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania engaged in the transportation industry with a registered office for service at 11690 NW 105th Street in Medley, FL 33178-1103.

5.  Defendant, Mike's Heavy Duty Towing, Inc., (hereinafter "Mike's Towing") is a corporation, partnership, sole proprietorship, limited liability company or other business entity organized and existing under the laws of the State of New York engaged in the business of Heavy Duty Towing with a registered office for service at 816 Liberty Avenue in Brooklyn, New York, 11208.

6.  Defendant, Palfinger North America Group formerly known as MBB Interlift, (hereinafter referred to collectively as Defendants and/or "Palfinger") is a corporation, partnership, sole proprietorship, limited liability company or other business entity organized and existing under the laws of the State of California engaged in the business of manufacturing, fabricating, servicing, distributing and selling lift gates with a registered office for service at

15939 Piuma Avenue in Cerritos, California, 90703.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper pursuant to 28 U.S.C.§1332 in that there is diversity of citizenship of parties and the amount in controversy exceeds $75,0000.

8.      Venue in the Eastern District of Pennsylvania is proper by virtue of the plaintiffs' residence in the County of Philadelphia, within the borders of the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

9.  Based upon information and belief, Defendant, Ryder, designed, fabricated, modified, assembled tested and otherwise placed into the stream of commerce a vehicle/lift-gate that it designated under Location Code 0167, Vehicle No.  606627 (hereinafter referred to as the "liftgate").

10.  Defendant, Ryder, designed, fabricated, modified, assembled tested and otherwise placed into the stream of commerce the liftgate specifically intended for use on Trucks including but not limited to vehicle no 606627.

11.  Defendant, Palfinger, designed, fabricated, modified, assembled tested and otherwise placed into the stream of commerce the "liftgate" that it designated under Model Number ILD55; Serial No. PD10395.

12.  At all times relevant hereto the Defendants jointly, severally and/or individually by and through their respective agents, servants, workmen and/or employees had the duty to maintain the "liftgate" and its component parts.

13.  On or about February 4, 2012, at approximately 5:30 a.m. Plaintiff was employed as a truck driver at or near 71st and Austin Street in Jamaica, New York.  At said time and place, Plaintiff his liftgate had broken down.

14.  At the aforesaid date and time Plaintiff contacted Mike's Towing for the purpose of fixing the broken liftgate.

15.  While Defendant, Mike's Towing's, agent, servant, workman, mechanic and/or employee was acting in the course and scope of his employment for Mike's Towing, he requested and/or required that Plaintiff assist him when the gate came down and nearly crushed him.

16.  Plaintiff attempted to grab the closing gate to prevent it from crushing the mechanic and while doing so his left hand, right shoulder was hit by the liftgate and his right hand was crushed by the liftgate.

17.  As a result of the negligence more fully described herein, Plaintiff, David Orzechowski, suffered grievous and life-threatening injuries including but not limited to the following: severe crush injury to the right hand and index digit with resultant amputation to the index digit; multiple strains and sprains; neuromas, significant nerve damage; vascular instability; chronic swelling; sympathetic pain disorder; depression; injuries to the nerves, tendons, bones, ligaments and joints;  multiple contusions; physical trauma associated with and flowing from the above referenced injuries;  emotional and psychological trauma associated with and flowing from the above-referenced injuries;  severe shock to his nerves and nervous system; which injuries have caused him pain and suffering in the past and may continue to do in the future; which injuries have prevented him and may continue to prevent him from attending to his daily and usual duties; which injuries have required him to expend money for medicine and/or

medical attention in an attempt to treat, cure and care for himself, injured as aforesaid; all of which has been and continues to be to his great damage and loss.

18.  As a result of the injuries aforesaid Plaintiff, David Orzechowski, has undergone emergency and follow-up hospitalization for treatment of his injuries and will continue to require periodic hospitalization for an indefinite period of time in the future, to his great detriment and loss.

19.  As a result of the injuries aforesaid Plaintiff, David Orzechowski,  has undergone great pain and suffering, disfigurement, limitations of use of bodily movement and functions, limitation of the ability to pursue normal occupational and social activities as well as further manifestations of suffering, some or all of which are not yet apparent.

20.  As a result of the injuries aforesaid Plaintiff, David Orzechowski, has required surgery, continued physical therapy, both at outpatient facilities and at home and will continue to require said therapy and rehabilitation for an indefinite period of time in the future, to his great detriment and loss.

21.  As a result of the injuries aforesaid Plaintiff, David Orzechowski, has suffered financial setbacks, including loss of income, due to lost time from employment which financial setbacks and income losses will continue for an indefinite period of time in the future, to their great detriment and loss.

22.  At all times relevant hereto, Plaintiff, David Orzechowski, was operating the Liftgate in a safe and reasonably foreseeable manner.

## COUNT I
## Orzechowski v. Ryder
## (Strict Liability)

23.  Plaintiff incorporates by reference the allegations contained in paragraphs 1. through 22. as though the same were fully set forth herein.

24.  Solely as a result of the defective and unreasonably dangerous design and manufacture of the Liftgate and its Component parts as set forth in this Civil Action, the Plaintiff has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section 402 A and 402 B.

25.  Defendant, Ryder, designed, modeled, remodeled, manufactured and distributed the Liftgate and component parts or were responsible for the manufacture and distribution thereof.

26.  Defendant, Ryder's, Liftgate and component parts contained design defects at the time it left Defendant, Ryder's, control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

27.  Defendant, Ryder's, Liftgate was sold and/or leased and/or provided by Defendant, Ryder, to Plaintiff's employer, in a defective condition, which condition created a danger to intended users thereof.

28.  The Liftgate was designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

> a.  Failed to properly affix the proper sized hose to the Liftgate and its component parts;
>
> b.  Failed to contain a safety guard so as to prevent the aforesaid accident;
>
> c.  Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

d.  Failed to contain adequate warnings;

e.  Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

g.  Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiffs of further actions necessary on their part to insure the safety of the Liftgate; and

h.  Failing to comply with various codes standards, regulations, statutes and industry norms;

i.  Failed to contain a conspicuous warning;

j.  Failed to have an adequate hydraulic system.

29.  Plaintiff, David Orzechowski,, was an intended user of the Liftgate.

30.  Plaintiff, David Orzechowski, was injured while using the Liftgate in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendants.

31.  The defective condition of the Liftgate and its component parts were the proximate cause of Plaintiffs' injuries and losses.

32.  The defective condition of the Liftgate was a substantial factor in causing Plaintiffs' injuries and losses.

33.  As a result of the tortuous activity hereinabove described Defendant, Ryder, is strictly liable to Plaintiff for his injuries.

WHEREFORE, Plaintiff, David Orzechowski, respectfully pray this Honorable Court to enter judgment in his favor, against Defendants, Ryder Fleet Products, Inc. d/b/a Ryder, Inc. and/or Ryder, Inc. jointly, severally and/or singularly in an amount not in excess of Fifty Thousand Dollars ($75,000.00) and requests compensatory damages from each.

**COUNT II**
**Orzechowski  v. Ryder**
**(Breach of Warranty)**

34.  Plaintiff incorporates by reference the allegations contained in paragraphs 1. through 33. as though the same were fully set forth herein.

35.  Defendant, Ryder, breached the implied warranty of merchantability and fitness for a particular purpose.

36.  Defendant, Ryder, breached the implied warranty of safety for intended use.

WHEREFORE, Plaintiff, David Orzechowski, respectfully pray this Honorable Court to enter judgment in his favor, against Defendants, Ryder Fleet Products, Inc. d/b/a Ryder, Inc. and/or Ryder, Inc.  jointly, severally and/or singularly in an amount not in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory  damages from each.

**COUNT III**
**Orzechowski v. Ryder**
**(Negligence)**

37.     Paragraphs 1. thorough 36., inclusive, are incorporated herein by reference as if fully set forth herein.

38.     At all times relevant hereto, the Liftgate, was owned, maintained, supervised and controlled by Defendant, Ryder, Inc. by and through its employees, agents, servants, workmen and representatives.

39.     At all times relevant hereto, Defendant, Ryder, knew or should have known that the Liftgate, was in a defective and/or dangerous condition and posed a threat to persons working on and/or around said unit.

40.     At all times relevant hereto, Defendant, Ryder, had a duty to adequately maintain the afore-described Liftgate.

41.     In violation of said duty, the Defendant, Ryder, jointly, severally and/or individually, by its respective mechanics agents, servants, workmen, and/or employees, permitted and caused certain dangerous conditions to exist on and about the aforesaid Liftgate, so as to constitute an unsafe condition and nuisance for users of said Liftgate.

42.     Plaintiff avers that the Defendant, Ryder, had or should have had notice of the existence of the hazardous conditions of the aforesaid Liftgate and/or had a duty to inspect and correct the hazardous conditions of the aforesaid Liftgate including but not limited to its inadequate hydraulic system and instability.

43.     Defendant, Ryder, failed to exercise appropriate care and apply reasonable measures to minimize or remove the dangers inherent in an apparatus of the Liftgate's size, weight and intended use.

44.     The negligence of the Defendant, Ryder, jointly, severally and/or individually and through its respective agents, servants, workmen, and/or employees, consisted of the following:

(a) Failing to properly inspect the Liftgate;

(b) Failing to properly inspect the hydraulic system on said Liftgate;

(c) Failing to correct the defective and/or hazardous conditions which they caused or of which they were aware or should have been aware;

(d) Failing to warn contractors, workers and users of the defective and hazardous conditions of the said Liftgate;

(e) Failing to maintain the Liftgate in a condition which would protect and safeguard persons lawfully upon the Liftgate and prevent the defective and dangerous conditions to exist upon the Unit;

(f) Allowing and causing the aforesaid irregularities, and dangerous conditions,

and/or defects to exist in and on the aforesaid Unit so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said Unit;

(g)  Otherwise failing to exercise due and proper care under the circumstances;

(h)  Failing to maintain said Liftgate and hydraulic system in a safe condition;

(i)  Failing to provide the proper materials when maintaining the Unit which injured Plaintiff;

(k)  Failing to properly supervise their employees and/or agents in the proper maintenance and repair of the aforesaid Liftgate;

(l)  Defendant, Ryder, knew or should have known of the dangerous and defective character of the Liftgate and failed to issue appropriate warnings;

(m)  Failing to supply safer designs  even though they knew of the importance and necessity of the aforesaid designs;

(n)  Failing to supply safety measures specific to Ryder's intended and desired use even though they knew of the importance and necessity of the aforesaid safety measures;

(o)  The Defendant, Ryder negligently supplied a Liftgate which was in violation of various state, federal and industry standards and which failed to have appropriate safety features which they knew were available and necessary and knew such designs were available and feasible.

(p)  The Defendant, Ryder, failed to place a warning on the Liftgate in a visible manner; and

(q)  Failing to properly affix the proper sized hose to the Liftgate and its component parts.

45.     As a direct and proximate result of the negligence of the Defendant, Ryder, by and through its respective, mechanics, agents, servants, workmen and/or employees in the course and scope of their employment jointly, severally and/or individually, Plaintiff suffered the injuries and losses herein-above described.

WHEREFORE, Plaintiff, David Orzechowski, respectfully prays this Honorable Court to enter judgment in his favor, against Defendants, Ryder Fleet Products, Inc. d/b/a Ryder, Inc. and/or Ryder, Inc. jointly, severally and/or individually and requests compensatory damages in a sum not in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action and interest thereon.

### COUNT IV
### Orzechowski v. Mike's Towing
### (Negligence)

46.     Paragraphs 1. thorough 45., inclusive, are incorporated herein by reference as if fully set forth herein.

47.     At all times relevant hereto, the Liftgate, was maintained, supervised and controlled by Defendant, Mike's Towing, by and through its employees, agents, servants, workmen and representatives.

48.     At all times relevant hereto, Defendant, Mike's Towing, knew or should have known that the Liftgate, was in a defective and/or dangerous condition and posed a threat to persons working on and/or around said unit.

49.     At all times relevant hereto, Defendant, Mike's Towing, had a duty to adequately service the afore-described Liftgate.

50.     In violation of said duty, the Defendant, Mike's Towing, jointly, severally and/or

individually, by its respective mechanics agents, servants, workmen, and/or employees, permitted and caused certain dangerous conditions to exist on and about the aforesaid Liftgate, so as to constitute an unsafe condition and nuisance for users of said Liftgate.

51.    Plaintiff avers that the Defendant, Mike's Towing, had or should have had notice of the existence of the hazardous conditions of the aforesaid Liftgate and/or had a duty to inspect and correct the hazardous conditions of the aforesaid Liftgate including but not limited to its inadequate hydraulic system and instability.

52.    Defendant, Mike's Towing, failed to exercise appropriate precautions, care and apply reasonable measures to minimize or remove the dangers inherent in an apparatus of the Liftgate's size, weight and intended use.

53.    The negligence of the Defendant, Mike's Towing, jointly, severally and/or individually and through its respective agents, servants, workmen, and/or employees, consisted of the following:

     (a) Failing to properly inspect the Liftgate;

     (b) Failing to properly inspect the hydraulic system on said Liftgate;

     (c) Failing to correct the defective and/or hazardous conditions which they caused or of which they were aware or should have been aware;

     (d) Failing to warn contractors, workers and users of the defective and hazardous conditions of the said Liftgate;

     (e) Failing to maintain the Liftgate in a condition which would protect and safeguard persons lawfully upon the Liftgate and prevent the defective and dangerous conditions to exist upon the Unit;

     (f) Allowing and causing the aforesaid irregularities, and dangerous

conditions, and/or defects to exist in and on the aforesaid Unit so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said Unit;

(g) Otherwise failing to exercise due and proper care under the circumstances;

(h) Failing to maintain said Liftgate and hydraulic system in a safe condition;

(i) Failing to provide the proper materials when maintaining the Unit which injured Plaintiff;

(k) Failing to properly supervise their employees and/or agents in the proper maintenance and repair of the aforesaid Liftgate;

(l) Defendant, Mike's Towing, knew or should have known of the dangerous and defective character of the Liftgate and failed to issue appropriate warnings;

(m) Failing to supply safer designs even though they knew of the importance and necessity of the aforesaid designs;

(n) Failing to supply safety measures specific to Ryder's intended and desired use even though they knew of the importance and necessity of the aforesaid safety measures;

(o) Failing to properly affix the proper sized hose to the Liftgate and its component parts;

54.    As a direct and proximate result of the negligence of the Defendant, Mike's Towing, by and through its respective, mechanics, agents, servants, workmen and/or employees in the course and scope of their employment jointly, severally and/or individually, Plaintiff suffered the injuries and losses herein-above described.

WHEREFORE, Plaintiff, David Orzechowski, respectfully prays this Honorable Court to enter judgment in his favor, against Defendant, Mike's Heavy Duty Towing, Inc. jointly, severally and/or individually, and requests compensatory damages in a sum not in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action and interest thereon.

## COUNT V
### Orzechowski v. Palfinger
### (Strict Liability)

55.     Plaintiff incorporates by reference the allegations contained in paragraphs 1. through 54. as though the same were fully set forth herein.

56.     Solely as a result of the defective and unreasonably dangerous design and manufacture of the Liftgate  and its Component parts as set forth in this Civil Action, the Plaintiff has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section 402 A and 402 B.

57.     Defendant, Palfinger, designed, modeled, remodeled, manufactured and distributed the Liftgate and component parts or were responsible for the manufacture and distribution thereof.

58.     Defendant,  Palfinger's, Liftgate and component parts contained design defects at the time it left Defendant,  Palfinger's, control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

59.     Defendant,  Palfinger's, Liftgate was sold and/or leased and/or provided by Defendant,  Palfinger, to Plaintiff's employer, in a defective condition, which condition created a danger to intended users thereof.

60.     The Liftgate was designed, remodeled, manufactured and sold in a defective and

dangerous manner in that it:

     a. Failed to properly affix the proper sized hose to the Liftgate and its component parts;

     b. Failed to contain a safety guard so as to prevent the aforesaid accident;

     c. Failed to contain instructions so that it could be used safely in a reasonably foreseeable manner;

     d. Failed to contain adequate warnings;

     e. Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

     g. Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiffs of further actions necessary on their part to insure the safety of the Liftgate; and

     h. Failing to comply with various codes standards, regulations, statutes and industry norms;

     i. Failed to contain a conspicuous warning;

     j. Failed to have an adequate hydraulic system.

61.    The defective condition of the Liftgate and its component parts were the proximate cause of Plaintiffs' injuries and losses.

62.    The defective condition of the Liftgate was a substantial factor in causing Plaintiffs' injuries and losses.

63.    As a result of the tortuous activity hereinabove described Defendant, Palfinger, is strictly liable to Plaintiff for his injuries.

WHEREFORE, Plaintiff, David Orzechowski, respectfully pray this Honorable Court to enter judgment in his favor, against Defendant, Palfinger North America Group, f/k/a MBB

Interlift, jointly, severally and/or singularly in an amount not in excess of Fifty Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT VI
### Orzechowski v. Palfinger
### (Breach of Warranty)

64.     Plaintiff incorporates by reference the allegations contained in paragraphs 1. through 63. as though the same were fully set forth herein.

65.     Defendant, Palfinger, breached the implied warranty of merchantability and fitness for a particular purpose.

66.     Defendant, Palfinger, breached the implied warranty of safety for intended use.

WHEREFORE, Plaintiff, David Orzechowski, respectfully pray this Honorable Court to enter judgment in his favor, against Defendant, Palfinger North America Group, f/k/a MBB Interlift, jointly, severally and/or singularly in an amount not in excess of Seventy-Five Thousand Dollars ($75,000.00) and requests compensatory damages from each.

## COUNT VII
### Orzechowski v. Palfinger
### (Negligence)

67.     Paragraphs 1. thorough 66., inclusive, are incorporated herein by reference as if fully set forth herein.

68.     At all times relevant hereto, the Liftgate, was owned, maintained, supervised and controlled by Defendant, Palfinger, by and through its employees, agents, servants, workmen and representatives.

69.     At all times relevant hereto, Defendant, Palfinger, knew or should have known that the Liftgate, was in a defective and/or dangerous condition and posed a threat to persons working on and/or around said unit.

70.     At all times relevant hereto, Defendant, Palfinger, had a duty to adequately maintain the afore-described Liftgate.

71.     In violation of said duty, the Defendant, Palfinger, jointly, severally and/or individually, by its respective mechanics agents, servants, workmen, and/or employees, permitted and caused certain dangerous conditions to exist on and about the aforesaid Liftgate, so as to constitute an unsafe condition and nuisance for users of said Liftgate.

72.     Plaintiff avers that the Defendant, Palfinger, had or should have had notice of the existence of the hazardous conditions of the aforesaid Liftgate and/or had a duty to inspect and correct the hazardous conditions of the aforesaid Liftgate including but not limited to its inadequate hydraulic system and instability.

73.     Defendant, Palfinger, failed to exercise appropriate care and apply reasonable measures to minimize or remove the dangers inherent in an apparatus of the Liftgate's size, weight and intended use.

74.     The negligence of the Defendant, Palfinger, jointly, severally and/or individually and through its respective agents, servants, workmen, and/or employees, consisted of the following:

   (a) Failing to properly inspect the Liftgate;

   (b) Failing to properly inspect the hydraulic system on said Liftgate;

   (c) Failing to correct the defective and/or hazardous conditions which they caused or of which they were aware or should have been aware;

   (d) Failing to warn contractors, workers and users of the defective and hazardous conditions of the said Liftgate;

   (e) Failing to maintain the Liftgate in a condition which would protect and safeguard persons lawfully upon the Liftgate and prevent the defective and dangerous conditions

to exist upon the Unit;

(f)  Allowing and causing the aforesaid irregularities, and dangerous conditions, and/or defects to exist in and on the aforesaid Unit so as to constitute a menace, danger, nuisance or trap to persons lawfully upon the said Unit;

(g)  Otherwise failing to exercise due and proper care under the circumstances;

(h)  Failing to maintain said Liftgate and hydraulic system in a safe condition;

(i)  Failing to provide the proper materials when maintaining the Unit which injured Plaintiff;

(k)  Failing to properly supervise their employees and/or agents in the proper maintenance and repair of the aforesaid Liftgate;

(l)  Defendant, Palfinger, knew or should have known of the dangerous and defective character of the Liftgate and failed to issue appropriate warnings;

(m) Failing to supply safer designs  even though they knew of the importance and necessity of the aforesaid designs;

(n) Failing to supply safety measures specific to Ryder's intended and desired use even though they knew of the importance and necessity of the aforesaid safety measures;

(o)  The Defendant, Palfinger, negligently supplied a Liftgate which was in violation of various state, federal and industry standards and which failed to have appropriate safety features which they knew were available and necessary and knew such designs were available and feasible.

(p)  The Defendant, Palfinger, failed to place a warning on the Liftgate in a visible manner; and

(q)  Failing to properly affix the proper sized hose to the Liftgate and its component parts.

75.    As a direct and proximate result of the negligence of the Defendant, Palfinger, by and through its respective, mechanics, agents, servants, workmen and/or employees in the course and scope of their employment jointly, severally and/or individually, Plaintiff suffered the injuries and losses herein-above described.

WHEREFORE, Plaintiff, David Orzechowski, respectfully prays this Honorable Court to enter judgment in his favor, against Defendant, Palfinger North America Group, f/k/a MBB Interlift, jointly, severally and/or individually. and requests compensatory damages in a sum not in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus the costs of this action and interest thereon.

## COUNT VIII
## NICOLE ORZECHOWSKI  v. ALL DEFENDANTS
### (Loss of Consortium)

76.    Plaintiff, Nicole Orzechowski,  incorporates by reference the allegations contained in paragraphs 1. through 75. as though the same were fully set forth herein.

77.    At all times relevant hereto, Plaintiff, Nicole Orzechowski, was the wife of Plaintiff, David Orzechowski, and was lawfully entitled to the society, companionship, services and consortium of Plaintiff, David Orzechowski.

78.  As a direct and proximate result of the breach of Negligence, Breach of Warranty and Strict Liability of Defendants, jointly, severally and/or individually Plaintiff, Nicole Orzechowski, suffered a loss of the  society, companionship, services and consortium of Plaintiff, David Orzechowski.

WHEREFORE, Plaintiff, Nicole Orzechowski, respectfully prays this Honorable Court to enter judgment in her favor, against Defendants jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of suit of any other relief this Court deems just and proper.

## COUNT IX
## DAVID AND NICOLE ORZECHOWSKI v. ALL DEFENDANTS
### (Jury Demand)

79.   Plaintiffs, David and Nicole Orzechowski, incorporate by reference the allegations contained in paragraphs 1. through 78. as though the same were fully set forth herein.

80.   Plaintiffs herein demand a jury on all counts.

WHEREFORE, Plaintiffs, David and Nicole Orzechowski, respectfully pray this Honorable Court to enter judgment in their favor, against Defendants jointly, severally and/or singularly in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs of suit of any other relief this Court deems just and proper.

SAFFREN & WEINBERG

By:_____
MARC A. WEINBERG, ESQ.
Attorney for Plaintiffs
SAFFREN & WEINBERG
Atty. I.D. No. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
Telephone: (215) 576-0100
mweinberg@saffwein.com
kramsey@saffwein.com
lmegali@saffwein.com

Dated:  January 27, 2014